IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 83458-4-I |
| Respondent, | |
| v. | |
| WINBUSH, DONNY RUE,<br>DOB: 01/20/1969, | UNPUBLISHED OPINION |
| Appellant. | |

BOWMAN, J. — Donny Rue Winbush appeals the trial court's imposition of discretionary Department of Corrections (DOC) supervision fees. Because the record shows that the court intended to impose only mandatory legal financial obligations (LFOs), we remand for the trial court to strike the discretionary supervision fees.

FACTS

In 2018, Winbush pleaded guilty to one count of possession of a controlled substance with intent to manufacture or deliver. At sentencing, the parties agreed to a low-end standard-range sentence of 60 months plus 1 day. The State asked the court to impose "the $500 victim fee, the $200 filing fee, [and] the $2,000 VUCSA[1] fee." The court imposed the agreed standard-range sentence of 60 months plus 1 day, 12 months of community custody, and the mandatory

---

[1] Violation of the Uniform Controlled Substances Act, chapter 69.50 RCW.

This opinion bases the citations and pin cites on the Westlaw online version of the cited material.

$500 victim assessment.  But the court waived all discretionary LFOs.  Despite the court's ruling, a long, preprinted paragraph in the community custody section of the judgment and sentence ordered Winbush to "pay supervision fees as determined by DOC."

In 2021, Winbush moved for resentencing because his offender score included several unconstitutional convictions for possession of a controlled substance under State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).  The State agreed to vacate the judgment and sentence and resentence Winbush using a corrected offender score.  At resentencing, the State again recommended a "low-end sentence of 60 months and a day," which was still within the standard sentencing range using Winbush's corrected offender score.  And the State asked for "the $500 victim assessment with the same payment plan as previously imposed."  Winbush asked for an exceptional downward sentence, citing the significant change in his offender score after removing the unconstitutional convictions.

On November 23, 2021, the trial court re-imposed a standard-range sentence of 60 months plus 1 day.  The court also ordered that Winbush pay the mandatory $500 victim assessment.  The court made no oral ruling as to other discretionary LFOs but issued a judgment and sentence waiving fees for Winbush's court-appointed attorney and all court costs.  It also did not impose a criminal filing fee, which the judgment and sentence notes as "mandatory unless . . . court finds defendant indigent."  And it deferred the VUCSA fine "due to

indigency."  Still, the judgment and sentence contained the same preprinted paragraph ordering Winbush to "pay supervision fees as determined by DOC."

Winbush appeals.

ANALYSIS

Winbush argues that the trial court inadvertently imposed discretionary DOC supervision fees because it clearly intended to waive all discretionary LFOs.  The State argues that nothing in the record suggests that the court intended to waive the DOC supervision fees.  We agree with Winbush.

We review the trial court's decision to impose discretionary LFOs for abuse of discretion.  State v. Ramirez, 191 Wn.2d 732, 741, 426 P.3d 714 (2018).  The trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons.  Id.

Former RCW 9.94A.703(2)(d) (2021) provided that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the department."  "[B]ecause 'supervision fees are waivable by the trial court, they are discretionary LFOs.' "  State v. Bowman, 198 Wn.2d 609, 629, 498 P.3d 478 (2021) (quoting State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, review denied, 195 Wn.2d 1022, 464 P.3d 198 (2020)).  "Where the record demonstrates that the trial court intended to impose only mandatory LFOs but inadvertently imposed supervision fees, it is appropriate for us to strike the condition of community custody requiring these fees."  State v. Peña Salvador, 17 Wn. App.2d 769, 791-92, 487 P.3d 923, review denied, 198 Wn.2d 1016, 495 P.3d 844 (2021), overruled on other

grounds by <u>State v. Talbolt</u>, No. 100540-7 (Wash. Dec. 22, 2022),

https://www.courts.wa.gov/opinions/pdf/1005407.pdf.

Here, the judgment and sentence shows that the trial court determined Winbush to be indigent and intended to waive all discretionary LFOs. The court imposed only the mandatory victim assessment and waived the court-appointed attorney fee, filing fee, and court costs. And the court deferred the VUSCA fine "due to indigency." We can infer from those orders that the trial court also intended to waive the discretionary DOC supervision fees.

We remand for the trial court to strike the community supervision fees.

_____
Brunner, J

WE CONCUR:

_____                    _____
Chung, J.                                    Smith, A.C.J.